UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LETITIA GONZALEZ JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>JANET NAPOLITANO, Secretary, Department of Homeland Security, TIMOTHY AIKEN, Field Office Director, Immigration and Customs Enforcement, Department of Homeland Security, JUAN OSUNA, Director, Executive Office for Immigration Review, and ERIC HOLDER, JR., Attorney General of the United States,<br><br>Respondents. | Case No. C-12-03558-RMW<br><br>**ORDER STAYING PETITION FOR HABEAS CORPUS**<br><br>[Re Docket No. 1] |

Petitioner Letitia Gonzalez Jimenez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She claims that she received ineffective assistance of counsel and that her constructive detention by respondents is in violation of her Fifth Amendment right to due process. For the reasons set forth below, the court will stay the petition pending administrative review.

## I. BACKGROUND

**A. Facts**

Jimenez was born in Mexico and entered the United States without inspection on February 24, 1990. Pet. ¶ 1, Dkt. No. 1. In 1996, Jimenez consulted attorney Miguel Gadda about obtaining

lawful permanent residency. *Id.* ¶ 9. Gadda eventually filed an I-589 application for asylum, but did so without informing Jimenez about the details or purpose of the application, without interviewing her about potential asylum claims she might have, and without informing her about the changes in the law resulting from the passage of the Immigration Reform and Immigrant Responsibility Act of 1996 (IRIRA) and the impact of those changes on her case. *Id.* ¶ 11. Gadda allegedly failed to prepare Jimenez for her final deportation hearing in February 1998, and her asylum application was consequently denied. *Id.* ¶ 14. Gadda continued to represent Jimenez in subsequent appeals before the Board of Immigration Appeals (BIA) and the Ninth Circuit Court of Appeals. However, unbeknownst to Jimenez, Gadda was suspended by the California State Bar in August 2001, and by the BIA in October of that same year. *Id.* ¶ 16.

On September 23, 2002, the BIA dismissed Jimenez's administrative appeal, and Gadda informed her that he would file a petition for review with the court of appeals, which he subsequently did on October 21, 2002. *Id.* ¶¶ 17-18. Jimenez next received a letter from Gadda dated December 12, 2002, with a case status update, after which Jimenez heard nothing from Gadda through June 2004, although Gadda filed a brief with the court of appeals in May 2003, without informing her. *Id.* ¶¶ 19-20. After repeated failed attempts to contact Gadda, Jimenez reached an individual in Gadda's office in June 2004 who informed her that Gadda could no longer represent her, and Jimenez was referred to an attorney named Bruce Wong. *Id.* ¶ 20.

Wong agreed to represent Jimenez and stated that he would file a motion to reopen the BIA proceeding based on the ineffective assistance of Gadda, in addition to pursuing the petition for review in the court of appeals. *Id.* ¶ 21. Wong, however, failed to file the motion to reopen until February 2005, some seven months later, and the BIA denied the motion for untimeliness in April 2005. *Id.* ¶¶ 26-27. The court of appeals declined to review this decision in March 2007, after having denied the initial petition for review in January 2005. *Id.* ¶¶ 25, 30.

On December 9, 2011, Jimenez was arrested by agents of the Department of Homeland Security, placed on an order of supervision, and ordered to report on July 10, 2012. *Id.* ¶ 34. In the interim, Jimenez retained new counsel, who attempted to obtain a copy of her administrative record. As neither Wong nor the court of appeals had retained a copy of the record, and Gadda's

whereabouts were unknown, counsel filed a Freedom of Information Act (FOIA) request with respondents Holder and Osuna, and on March 12, 2012, was told to expect a response within 30 days. *Id.* ¶ 36. At the time this petition was filed on July 9, 2012, Jimenez still had not received a response to her request. On October 11, 2012, the government responded to the FOIA request, providing Jimenez with her administrative record. Reply 3, Dkt. No. 23.

### B. Procedural History

Jimenez filed this petition on July 9, 2012, as well as a motion to stay the execution of the removal order pending disposition of this case. Dkt. Nos. 1, 4. On August 1, 2012, this court granted the motion to stay, and the government filed an opposition to the habeas petition on September 28, 2012. Dkt. Nos. 15, 17. Jimenez filed a response on November 11, 2012. Dkt. No. 23.

Jimenez claims her constructive detention is unlawful in violation of her Fifth Amendment right to due process, for ineffective assistance of counsel, based on the following:

(1) Failure of Wong to file a timely motion to reopen with the BIA raising Jimenez's ineffective assistance of counsel claims against Gadda;

(2) Failure of Wong to assert Jimenez's claim for economic asylum under *Beballah v. Ashcroft*, 367 F.3d 1067 (9th Cir. 2004); and

(3) Failure of respondents Holder and Osuna to comply with 5 U.S.C. § 552 *et seq.*, as to the FOIA request for Jimenez's administrative record.

Jimenez has withdrawn her alternative claim for relief based on the BIA's failure to inform her of Gadda's suspension, conceding that the BIA in fact had no duty to inform her of Gadda's status. Reply 9. However, Jimenez requests that, if the court is inclined to dismiss this petition as moot in light of the government's FOIA response, the court stay this petition while she pursues an administrative motion to reopen her case before the BIA, now that a complete administrative record is available. *Id.*

## II.  ANALYSIS

Jimenez seeks habeas relief from this court.  Although, as explained below, the court finds that it would otherwise have subject matter jurisdiction, Jimenez has not exhausted her claims and thus the court will stay the action pending exhaustion of her administrative remedies.

### A.  Subject Matter Jurisdiction

This court may consider a petition for a writ of habeas corpus on behalf of "a prisoner…in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Although there is no right to counsel in deportation proceedings, an alien still has a right to due process.  *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000).  Ineffective assistance of counsel violates due process when "the proceeding [is] so fundamentally unfair that [the] alien [is] prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985).  Failure to timely file an appeal because of ineffective assistance of counsel makes the proceeding "presumptively unreliable" because it deprives the alien of the appellate proceeding. *Dearinger*, 232 F.3d at 1045.

The REAL ID Act of 2005 deprives district courts of jurisdiction over claims that attack a final order of removal.  8 U.S.C. § 1259(b).  However, where, as here, the petitioner is claiming ineffective assistance of counsel and seeking only to restart or toll procedural deadlines, the petition is not considered an attack on the final order of removal, and the jurisdiction-stripping provisions of the REAL ID Act do not apply.  *See A. Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007).

Finally, an alien subject to a final order of removal is considered "in custody" for the purposes of § 2241(c)(3), even if, as here, the alien is not actually physically confined. *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995).  Since Jimenez is still subject to the final order of removal pending the disposition of this case, she satisfies the "in custody" requirement.

Accordingly, this court has subject matter jurisdiction.

### B.  Exhaustion

The government argues that Jimenez has failed to exhaust her administrative remedies, and that therefore the court should dismiss her petition.  Opp'n 2.  Before a habeas petition may be

properly brought before the court under § 2241, a petitioner must first exhaust available administrative and judicial remedies. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). This is not a jurisdictional requirement, as § 2241 does not require exhaustion, but the Ninth Circuit has imposed an exhaustion requirement "as a prudential matter." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). "[L]ower courts are not free…to address the underlying merits [of a case] without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998.

### 1. Whether exhaustion should be required

Prudential exhaustion should be imposed where: 1) "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; 2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and 3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003). The parties do not dispute that, under ordinary circumstances, Jimenez's failure to bring her ineffective assistance of counsel claims against Wong before the BIA would constitute a failure to exhaust. The BIA has the authority to reopen removal proceedings in order to hear ineffective assistance of counsel claims, and if necessary, reissue the final order of removal in order to restart or toll procedural deadlines. *Matter of Compean (Compean II)*, 25 I. & N. Dec. 1, 3 (BIA 2009). The court finds that the prudential exhaustion factors weigh in favor of requiring exhaustion.

First, the BIA has a well-developed set of procedures and standards by which to evaluate ineffective assistance of counsel claims, weighing the first factor in favor of exhaustion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000); *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Second, allowing Jimenez to bypass this procedure and present her ineffective assistance of counsel claim for the first time before this court might encourage other petitioners to try the same, weighing the second factor in favor of exhaustion. The third factor is neutral because Jimenez is not asserting error on the agency's part, but rather on the part of her attorney Wong. However, if the BIA has the opportunity to review Jimenez's claim against Wong, it is likely that further judicial review will not

1    be necessary, given that the BIA is well-suited to consider the claim and order a remedy. Thus,

2    requiring Jimenez to exhaust administrative remedies for her ineffective assistance of counsel claim

3    is appropriate.

**2. Whether exhaustion may be waived**

However, because the exhaustion requirement is prudential, rather than jurisdictional, it can be waived in certain instances. These exceptions include situations where administrative remedies are inadequate, pursuit of administrative remedies would be futile, the petitioner raises a substantial constitutional question, or the petitioner would suffer irreparable injury if not granted immediate judicial relief. *Laing*, 370 F.3d at 1000-01.

Jimenez does not assert any of these four exceptions to support her claim for waiver. She argues instead that while exhaustion would otherwise be appropriate, the government's failure to produce her administrative record pursuant to her FOIA request constituted a second due process violation that interfered with her right to effective assistance of counsel and precluded her from exhausting administrative remedies. She therefore argues that the failure to turn over her administrative record should excuse her failure to exhaust.

Jimenez relies on *P. Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996), in which Singh's counsel had requested his administrative record from the INS a full year before his deportation, but was told that his file could not be found. *Id.* at 347. When Singh's file was finally located, the government neglected to timely inform Singh or his counsel that it had been found, preventing counsel from seeking a stay of deportation that would have prevented Singh's removal from the United States. *Id.* at 349. The Ninth Circuit found that the government's failure to turn over the file had "effectively scuttled [Singh's] right to counsel," and that Singh's removal was therefore unlawful. *Id.* Furthermore, the court found that Singh could not be charged with failing to exhaust his administrative remedies when it was the government's own actions in withholding the administrative record and then deporting Singh that "[had] made the full reopening of his case impossible." *Id.* at 349-50.

This case, however, is distinguishable from *Singh v. Waters*. This court has already noted that Jimenez did have access to some of the relevant documents, as she submitted them with her

petition. Order re Mot. to Stay 8, Dkt. No. 15; *see also* Dkt. Nos. 2-3. Thus Jimenez may have been able to move the BIA to reopen her case without her full administrative record, although she was clearly entitled to the full record. Jimenez, furthermore, has not yet been removed from the United States. However, whether or not *Singh v. Waters* might have excused a failure to exhaust had the government not complied with Jimenez's FOIA request, the issue is moot, as the government *has* now complied, giving Jimenez access to her full administrative record. Thus, Jimenez's failure to exhaust may not be excused.

### 3. Stay

Jimenez has also requested that the court stay her petition, should the court be inclined to dismiss for failure to exhaust. "When a petitioner does not exhaust administrative remedies, a district court…should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted [administrative] remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The decision whether to stay or dismiss the petition is discretionary, but in exercising its discretion, "the district court must balance the agency's interest in applying its expertise…and making a proper record, against the interests of private parties in finding adequate redress." *Morrison-Knudsen Co. v. CHG Int'l*, 811 F.2d 1209, 1223 (9th Cir. 1987).[1] In many cases, issuing a stay rather than an outright dismissal for failure to exhaust "may represent the best accommodation of the competing interests." *Id.*

That is the case here. Issuing a stay is the most effective way of balancing both the government's interest in maintaining the proper administrative procedure and Jimenez's interest in procuring relief. The court will retain jurisdiction and stay the proceedings in this court pending administrative review.

---

[1] Although *Morrison-Knudsen* is not a § 2241 case, the *Leonardo* court cited *Morrison-Knudsen* to support its conclusion that the court had discretion to either stay a § 2241 petition or dismiss for failure to exhaust. The *Leonardo* court did not specify how a court should determine whether a stay should be granted. The court dismissed the case because the petitioner had not requested a stay. Subsequent cases follow *Leonardo* in dismissing a petition for failure to exhaust where the petitioner did not request a stay. *See e.g.*, *Radojkovic v. Napolitano*, No. 2:10-cv-00579, 2012 WL 5900543, at *1-2 (D. Nev. Nov. 20, 2012); *Sakhon v. ICE Field Office Dir.*, No. C11-2107, 2012 WL 1557269, at *3-4 (W.D. Wash. Apr. 5, 2012). Here, the petitioner has requested a stay, and thus these cases are not directly applicable.

### III.  ORDER

For the foregoing reasons, the court GRANTS the motion to stay the petition for habeas corpus pending exhaustion of Jimenez's administrative remedies.  The court's order staying deportation will remain in effect pending administrative resolution of this case or the court orders otherwise, whichever comes first.   The parties are to keep the court informed as to the status of Jimenez's administrative motion to reopen her case before the BIA.

Dated: September 30, 2013



RONALD M. WHYTE
United States District Judge